NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2347

_____

UNITED STATES OF AMERICA

v.

ANDREW BRENT STEEL,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:21-cr-00305-003)
District Judge: Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 9, 2025

Before:  HARDIMAN, PORTER, and FISHER, *Circuit Judges*.

(Filed: April 17, 2025)

_____

OPINION[*]

FISHER, *Circuit Judge*.

Pennsylvania State Police conducted a controlled drug buy in Ambridge,

Pennsylvania. That buy yielded evidence that formed the basis of a warrant to arrest

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Appellant Andrew Steel. Eventually, Steel was arrested and charged on two counts of drug crimes. He filed a motion to suppress the evidence obtained in the buy and search incident to his arrest. The District Court denied his suppression motion, and following his entry of a conditional guilty plea, convicted him of conspiracy to distribute and possession with intent to distribute, and distribution of heroin, fentanyl, and crack cocaine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. Steel waived his direct and collateral appeal rights but preserved his right to appeal the suppression ruling. He now appeals that ruling, arguing that the affidavit supporting his arrest warrant contained a false statement and the warrant lacked probable cause.[1]

"We review the District Court's factual findings in support of its order denying the motion to suppress for clear error and its legal determinations de novo."[2] On clear error review, we may reverse only if, after "reviewing the entire record, we are 'left with the definite and firm conviction that a mistake has been committed.'"[3] Where, as here, a district court has denied the motion to suppress, we must "view the facts in the light most favorable to the Government."[4]

"The Fourth Amendment requires that arrest warrants be based 'upon probable

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 (federal criminal offenses). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts).
[2] *United States v. Garner*, 961 F.3d 264, 269 (3d Cir. 2020).
[3] *United States v. Napolitan*, 762 F.3d 297, 307 (3d Cir. 2014) (quoting *United States v. Kulick*, 629 F.3d 165, 168 (3d Cir. 2010)).
[4] *Garner*, 961 F.3d at 269.

cause, supported by Oath or affirmation . . . ."[5] This requires more than mere suspicion; it demands "evidence which would 'warrant a man of reasonable caution in the belief' that a felony has been committed."[6] Steel argues that the warrant for his arrest was deficient because the Pennsylvania State Troopers who filed the probable cause affidavit "had no reliable information that he was the person with whom they conducted a controlled buy."[7] Specifically, he points to Trooper Kurtis Glasgow's inability to describe him and Trooper Michael Taylor's admission that he only saw Steel for approximately 10 seconds and initially misidentified him as his co-defendant, Daryll Ballard. Steel argues that, because of this "incredibly unreliable identification testimony at the evidentiary hearing, the District Court could not have concluded that the police had reasonably trustworthy information to believe that [he] was the person present" at the controlled buy and "erred in its wholesale crediting of the [officers'] testimony."[8] We are not convinced by Steel's argument.

Steel asks us to review the District Court's finding of witness credibility. We must be especially deferential to a district court's witness credibility determinations.[9] Still, a trial judge's findings are not fully insulated from review, as "[d]ocuments or objective

---

[5] *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (quoting U.S. Const. amend. IV).
[6] *Wong Sun v. United States*, 371 U.S. 471, 479 (1963) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)).
[7] Appellant's Br. 11.
[8] *Id.* at 9, 12.
[9] *See United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir. 1997).

3

evidence may contradict the witness' story; or the story itself may be so internally inconsistent . . . that a reasonable factfinder would not credit it."[10] In those circumstances, we may find clear error.[11]

Unfortunately for Steel, there is no such internal inconsistency or contradiction here. Contrary to Steel's assertion, there was no "wholesale crediting" of the officers' testimony. Rather, the District Court took testimony of several eyewitnesses, including Trooper Taylor who identified Steel in open court, and it reviewed photographs depicting the defendant leaving the controlled buy. Although Trooper Taylor initially misremembered Steel's name, this fact alone does not show the District Court erred in its ultimate determination that his testimony was reliable. Furthermore, all the evidence presented to the District Court, when taken together, established probable cause that Steel committed the offense for which he was arrested. For those reasons, we will affirm.

---

[10] *Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985).
[11] *Id.*